684 So.2d 395 (1996)
Audrey Taylor TURNER, et al.
v.
Malcolm LESLIE, et al.
No. 96-CC-2288.
Supreme Court of Louisiana.
December 6, 1996.
PER CURIAM.
The Fourth Circuit Court of Appeal held that an Exception of Venue did not constitute a general appearance pursuant to Louisiana Code of Civil Procedure article 7 and allowed the plaintiff to obtain an ex parte motion of dismissal pursuant to Louisiana Code of Civil Procedure article 1671.
Article 7, which clearly delineates, by negative implication, the actions that constitute a general appearance, provides in pertinent part:
[A] party makes a general appearance which subjects him to the jurisdiction of *396 the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
(1) Entry or removal of the name of an attorney as counsel of record;
(2) Extension of time within which to plead;
(3) Security for costs;
(4) Dissolution of an attachment issued on the grounds of the nonresidence of the defendant; or
(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant.
Plaintiff contends that the Exception of Improper Venue is not a general appearance because it falls under sub-part five of article 7. We disagree and cite with approval the reasoning of the First Circuit Court of Appeal in Clark v. Clark, 600 So.2d 880 (La. App. 1st Cir.1992):
Jurisdiction is a separate and distinct legal concept from venue. (citations omitted). Jurisdiction is the power and authority of a court to hear and determine an action or proceeding and to grant the relief to which the parties are entitled. LSA-C.C.P. art. 1. If jurisdictional requirements are met, courts throughout the state have the legal power and authority to hear the case; however, not all courts with jurisdiction are in the proper venue.
Therefore, we conclude that the Exception of Improper Venue filed by the Succession of Jennifer Leslie constituted a general appearance.
The trial court granted plaintiffs' Partial Motion to Dismiss the succession of Jennifer Leslie ex parte. Article 1671, governing voluntary dismissal, provides that:
A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice.
The article clearly leaves the decision to dismiss a party without prejudice to the discretion of the trial court. In the present case, the trial court set aside the dismissal by the duty judge, but permitted plaintiffs leave to file a contradictory motion requesting dismissal of the party without prejudice.
Thus, we reverse the judgment of the court of appeal and reinstate the judgment of the trial court dated December 21, 1995.
JOHNSON, J., not on panel.