717 So.2d 268 (1998)
PITTS, INC., Plaintiff-Appellee,
v.
ARK-LA RESOURCES, L.P. and Muirfield Management, Inc., Defendants-Appellants.
Nos. 30836-CA, 30837-CA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1998.
*269 McGlinchey Stafford, by Frank Voelker, Jr., New Orleans, for Defendants-Appellants.
William D. Brown, Monroe, and James Edward Paxton, St. Joseph, for Plaintiff-Appellee.
Before HIGHTOWER, WILLIAMS and PEATROSS, JJ.
HIGHTOWER, Judge.
In two consolidated actions seeking partnership dissolution and recovery of alleged wrongfully converted partnership funds, defendants appeal the denial of improper venue and jurisdiction exceptions and the awarding of court registry sums to plaintiff. We reverse.

FACTS AND PROCEDURAL HISTORY
Pitts, Inc. ("Pitts"), a Louisiana corporation, and Muirfield Management, Inc. ("Muirfield"), a Mississippi corporation, are each fifty percent owners and general partners in Ark-La Resources, L.P. ("Ark-La"), a Mississippi limited partnership. On January 17, 1997, Pitts filed suit against Ark-La and Muirfield (collectively denominated "defendants") seeking dissolution of the partnership and a correlative accounting.
Muirfield and Pitts likewise hold fifty percent positions in a related partnership, Resource and Land Partnership ("RLP"), which owns, sells and manages real estate in Louisiana.[1] On February 12, 1997, Pitts filed a second suit against the same defendants for the alleged wrongful conversion of funds from Ark-La to RLP to pay attorney's fees incurred by Muirfield in its separate defense of a lawsuit instituted by a real estate broker, against RLP, for sums supposedly owed the broker. By consent, the two actions by Pitts were consolidated for trial.
Defendants filed declinatory exceptions of improper venue and lack of subject matter jurisdiction in both suits, predicated upon a forum selection clause in the Ark-La partnership agreement designating the courts of Mississippi as "the exclusive forum for any judicial determination of the rights, duties and obligations of the Partners...."
On March 20, 1997, acting by agreement of the litigants, the district court ordered Ark-La to deposit "one-half of all oil and gas ... proceeds received on or after March 20, 1997" into the registry of the court, while reserving "[a]ll rights, claims and defenses" of both parties.
Pitts soon motioned for release of the registry funds, on June 5, 1997, claiming that the other one-half of the corporate monies had been used by defendants to pay attorney's fees in the RLP litigation.[2] When the court continued that motion pending a resolution of the conversion action, Pitts filed a Rule to Show Cause on July 11, 1997, again seeking to receive all of the deposited proceeds.
On August 7, 1997, after orally overruling the venue and jurisdiction exceptions as to both suits, and also after denying newly asserted exceptions of prematurity and improper use of summary proceedings, the district court considered Pitts's rule. Following a hearing, the judge disbursed the registry funds to Pitts for the "payment of attorneys fees" pursuant to La. C.C.P. art. 2592, although observing that any right to a distribution of "the present funds" would be determined in subsequent proceedings. The court further directed that an escrow account be established for all funds received by Ark-La *270 from August 7, 1997 forward. A written judgment, dated August 8, 1997, addressed only the denial of the original exceptions as to both actions and the funds issue. After considerable procedural unraveling through a peremptory writ grant, this appeal ensued to be applicable to all matters adjudicated by the trial court, save the establishment of the escrow funds.[3]

DISCUSSION
Forum selection clauses are legal and binding, and one seeking to set aside such a provision bears a heavy burden of proof. Digital Enterprises, Inc. v. Arch Telecom, Inc., 95-30 (La.App. 5th Cir.06/28/95), 658 So.2d 20. Such clauses are prima facie valid and should be enforced unless the resisting party clearly proves that enforcement would be unreasonable and unjust, or that the clause arises from fraud or overreaching, or that enforcement would contravene a strong public policy of the forum where the suit is brought. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).[4]
In invalidating the forum clause in the present case, the lower court observed that "it prevents Louisiana residents from bring[ing] tort actions in the State of Louisiana, which is against public policy. In fact, it contravenes a strong public policy in Louisiana which provides a forum for the adjudication of that particular type action." Notably the court acknowledged that, as to the dissolution suit, "under normal circumstances [the clause] would be held valid in this jurisdiction."
Pitts has filed no appeal brief, but in opposition to the exceptions contended that at the time of execution of the partnership agreement it remained unaware of the option to refuse to agree to the forum selection clause. By inference, however, the trial court rejected that argument. Indeed, the record shows Pitts's president to have been a sophisticated businessman, whose signature at the end of sixteen-page partnership agreement attests to his knowledge of the easily readable forum clause on behalf of his corporation.
Moreover, even if substantiated, such a claim would not constitute one of the grounds enunciated in Bremen, supra, as sufficient to overcome the strongly presumed validity of a privately contracted forum selection clause. See Hoffman v. Burroughs Corp., 571 F.Supp. 545 (N.D.Tex.1982), for an excellent explanation of the Bremen factors and rejection of a similar argument. Similarly, we have found no jurisprudential or statutory support for the trial court's determination that this forum selection clause violates Louisiana's public policy. Cf. Bremen, supra.
With Pitts thus presenting insufficient proof to invalidate the forum selection clause, we find the agreement to be a voluntarily bargained-for arrangement between two contracting parties which effectively selects Mississippi as the dispute resolution forum. Accordingly, we reverse the trial court denial of defendants' exceptions of improper venue and lack of subject matter jurisdiction and set aside any additional orders of the court which are inconsistent with this opinion. The trial court is directed, however, to retain jurisdiction solely for the limited purpose of enforcing this court's writ order in 30,579-CW and 30,589-CW, supra, ordering that Pitts return the previously-released funds to the court registry.

*271 CONCLUSION

The judgment of the trial court denying defendants' declinatory exceptions of improper venue and lack of subject matter jurisdiction is reversed and the actions dismissed, without prejudice, at appellee's costs. The case is remanded for limited proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] The partners developed RLP in 1990 to purchase a large tract of real estate from a subsidiary of General Motors. In 1991, they formed Ark-La for the specific purpose of retaining ownership of mineral rights related to the land purchased by RLP.
[2] All defendants in the RLP litigation had been represented by the same law firm until Pitts retained separate counsel in June 1996.
[3] On September 3, 1997, the trial court granted defendants a suspensive appeal regarding only the venue exception denial. By amendment on September 19, 1997, the court clarified the earlier judgment to include the denial of defendants' exceptions of unauthorized use of summary proceedings and prematurity and refusal to grant a suspensive appeal or stay of the proceedings in reference to all exceptions. Defendants took writs to this court concerning the rejection of their appellate privileges and the award of the registry funds to Pitts. By peremptory writ grant, we reversed the trial court on both of these aspects [Pitts, Inc. v. Ark-la Resources, L.P. and Muirfield Management, Inc., Nos. 30,579, 30,589 (La.App.2d Cir.10/16/97) ], and ordered that the funds released to Pitts be redeposited into the court registry. We also incorporated the overruling of the exceptions of jurisdiction and venue, along with all rulings arising from the August 7 hearing, into the appeal.
[4] Although Bremen, supra, dealt with an admiralty foreign forum selection clause, the courts have readily extended its holding to domestic contracts. See, e.g., Kevlin Services, Inc. v. Lexington State Bank, 46 F.3d 13 (5th Cir.1995); In re Fireman's Fund Insurance Companies, 588 F.2d 93 (5th Cir.1979); Hoffman, supra.