862 So.2d 403 (2003)
Gary LUFFEY on Behalf of FREDERICKSBURG PROPERTIES OF TEXAS, LP, Plaintiff-Appellees,
v.
FREDERICKSBURG PROPERTIES OF TEXAS, LP, et al., Defendant-Appellants,
Gary Luffey on Behalf of Allante Properties of Texas, LP, Plaintiffs-Appellees,
v.
Allante Properties of Texas, LP, et al., Defendant-Appellants.
Nos. 37,591-CA, 37,592-CA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 2003.
Rehearing Denied January 22, 2004.
*404 Kitchens, Benton, Kitchens & Newell by Daniel W. Newell, Minden, for Appellants.
Snellings, Breard, Sartor, Trascher & Inabnett by Charles C. Trascher, III, Monroe, David R. Loveridge, for Appellees.
Before WILLIAMS, GASKINS, PEATROSS, DREW and MOORE, JJ.
PEATROSS, J.
These consolidated cases are derivative actions filed in Lincoln Parish by Gary Luffey ("Luffey"), a limited partner in two limited partnerships that operate nursing homes in San Antonio, Texas. The defendants filed exceptions of lack of subject matter jurisdiction, urging that the "Law Governing" clause of the partnership agreements limited jurisdiction and venue to Travis County, Texas. The district court overruled the exceptions. This court granted the defendants' writ applications and consolidated the cases for full consideration as an appeal. The matter was referred to a five-judge panel pursuant to La. Const. art. 5, § 8(B), and URCA Rule 1-5. For the reasons stated herein, we affirm.

Procedural Background
The partnerships, Fredericksburg Properties of Texas, LP, and Allante Properties of Texas, LP, were formed in February and December 1999 under agreements designating each as a "Texas Limited Partnership." The general partner of each was DLen Inc., a Texas corporation. The limited partners of each were Luffey, the plaintiff, and Danny K. Prince, both residents of Ruston, Louisiana. The partnerships' principal office was listed as being on West Mississippi Street, Ruston, but the registered office is in Plano, Texas. Both agreements contain the following clause:
12.2. Law Governing. This agreement shall be governed by and construed in accordance with the laws of the State of Texas, and each Partner agrees that the obligations of the Partners are performable in Travis County, Texas and Travis County, Texas shall be appropriate jurisdiction and venue for any litigation with respect to the Partnership.
In October 2000, Luffey filed these suits in the Third Judicial District Court, Lincoln Parish, Louisiana. He named the partnerships, DLen Inc., Danny Prince and the nursing homes themselves as defendants. He alleged that they had misused partnership funds and allowed HUD-guaranteed loans to default. He demanded an accounting and orders directing the various defendants to fulfill their obligations under the partnership agreements.[1]
In October 2001, the defendants filed answers containing only general denials. In November 2001, they filed exceptions of lack of subject matter jurisdiction. These alleged that the "Law Governing" clause divested the Third Judicial District Court of jurisdiction to hear the suits. Luffey opposed the exceptions, urging that the "Law Governing" clause was only a permissive forum selection clause and not grounds to dismiss the suit for lack of subject matter jurisdiction.
*405 After oral argument, the district court denied the exceptions and issued written reasons finding that the "Law Governing" clause was ambiguous as it did not rule out the possibility of other forums besides Travis County, Texas. The court observed that the "Law Governing" clause designated Travis County as "appropriate jurisdiction," not as "the appropriate jurisdiction." The court, therefore, found subject matter jurisdiction in the Lincoln Parish court and overruled the exceptions.
The defendants took writs, which this court granted and converted into a consolidated appeal on January 30, 2003. In this court's order granting the defendants' writ application, we stated that the rulings of the district court "concern the venue for this litigation despite their caption as exceptions of subject matter jurisdiction. An exception is treated as what it actually is, not what it is titled." (Citations omitted.)

The Parties' Contentions on Appeal
By two assignments of error, the defendants urge that the "Law Governing" clause is not permissive. They submit that the word "shall," which appears twice in the clause, is mandatory; the permissive "may" does not appear. La. R.S. 1:3; La. C.C.P. art. 5053. They also urge that, by referring to Travis County as "appropriate jurisdiction and venue," the parties intended to limit all actions to Travis County. They submit that the "Law Governing" clause is essentially the same as those upheld in Pitts, Inc. v. Ark-La Resources, L.P., 30,836 (La.App.2d Cir.8/19/98), 717 So.2d 268, and in Digital Enterprises, Inc. v. Arch Telecom, Inc., 95-30 (La.App. 5th Cir.6/28/95), 658 So.2d 20. They conclude that the court should have sustained their exceptions and dismissed the suits.[2]
Luffey urges that the exceptions are really claims of improper venue, which the defendants necessarily waived by first answering the petitions. La. C.C.P. art. 928(A). He also argues that the parties could not waive the jurisdiction of the Third Judicial District Court. In the alternative, he contends that the "Law Governing" clause falls short of being a mandatory forum selection clause. He urges that it is more like the clauses found to be ambiguous or permissive in Keaty v. Free-port Indonesia, Inc., 503 F.2d 955 (5th Cir.1974) and in American Health Care Syst., Inc. v. Magic Software Enter., 1994 WL 624842 (E.D.La.1994), and less like those upheld in Pitts and Digital Enterprises, Inc., supra. Finally, he submits that, because of the parties' strong connections to Lincoln Parish, they probably did not intend to restrict jurisdiction to Travis County, Texas. He concludes by urging that the district court did not err in overruling the exceptions.

Discussion
Both parties argue the applicability and nature (either permissive or mandatory) of the forum selection clause contained in section 12.2 of the partnership agreement; and both parties, in their briefs, use the terms "subject matter jurisdiction" and "venue" interchangeably in making their arguments. In so doing, both parties have missed the very critical *406 legal distinction between those two legal concepts. This case is not about which court has or does not have subject matter jurisdiction over this action, but, rather, the relevant inquiry is whether the forum in which the action was filed was a court of proper venue and, necessarily, whether the objection to improper venue was properly and timely raised. As previously stated, a panel of this court noted that this case was one of venue, rather than subject matter jurisdiction, in the order granting the defendant's writ application; and, after reviewing the entire record on appeal, we see no reason to depart from that conclusion.
Section 12.2 of the partnership agreements contain both a choice of law component and a forum selection clause. The defendants would have us interpret and apply the forum selection clause as an issue of subject matter jurisdiction. True, the defendants' exceptions are styled as exceptions of lack of subject matter jurisdiction. Substantively, however, the exceptions are actually exceptions of venue in which the defendants argue that the suit should have been brought in Travis County, Texas, as provided in the forum selection clause. It is well-settled that an exception is to be treated as what it actually is, rather than what it is titled. Stadtlander v. Ryan's Family Steakhouses, Inc., 34,384 (La.App.2d Cir.4/4/01), 794 So.2d 881, writ denied, 01-1327 (La.6/22/01), 794 So.2d 790, citing Traweek v. LaBorde, 30,551 (La.App.2d Cir.5/13/98), 713 So.2d 664, writ denied, 98-1933 (La.11/6/98), 727 So.2d 449.
Jurisdiction is a separate and distinct legal concept from venue. Turner v. Leslie, 96-2288 (La.12/6/96), 684 So.2d 395; Sims v. Sims, 388 So.2d 428 (La.App. 2d Cir.1980), writ denied, 394 So.2d 612 (La.1980); Clark v. Clark, 600 So.2d 880 (La.App. 1st Cir.1992), writ denied, 604 So.2d 1305 (La.1992). A forum selection clause expresses the parties' intent with regard to venue, which means the "parish where an action or proceeding may properly be brought and tried under the rules regulating the subject." La. C.C.P. art. 41. Louisiana has long held that forum selection clauses allowing the parties to agree to a certain venue are valid and enforceable. Subject matter jurisdiction, on the other hand, is the "legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." La. C.C.P. art. 2. Subject matter jurisdiction is created by the constitution or legislative enactment; see e.g., La. Const. Art. 5, and cannot be conferred or waived by the parties. La. C.C.P. arts. 2, 3 and 925; Boudreaux v. State, 01-1329 (La.2/26/02), 815 So.2d 7; State of Louisiana, Department of Social Services v. Parker, 595 So.2d 815 (La.App. 2d Cir. 1992); Renno v. Evans, 580 So.2d 945 (La.App. 2d Cir.1991); Peter Vicari General Contractor, Inc. v. St. Pierre, 02-250 (La.App. 5th Cir.10/16/02), 831 So.2d 296. As such, subject matter jurisdiction is not affected by the parties' agreement as to venue, via a forum selection clause, as to the particular forum where a suit may or shall be brought by an aggrieved party. Stated another way, venue is not concerned with the power of and authority of a court, but with the parish or county where an action may be brought.[3]Sims, supra; Clark, supra.
In the case sub judice, the defendants incorrectly argue that the parties *407 may agree that a certain court has "exclusive subject matter jurisdiction" over any action brought on the agreement. They further assert that the parties in this case agreed that a Louisiana court would not have subject matter jurisdiction over an action such as this, but, rather, the Travis County court would have exclusive subject matter jurisdiction over the action.[4] There is no prohibition against parties selecting one of several courts that possess subject matter jurisdiction. Such selection is one of venue, accomplished by a forum selection clause, which does not affect the subject matter jurisdiction of either court. The parties may not, however, by agreement divest a court of its constitutionally created subject matter jurisdiction, nor may they bestow subject matter jurisdiction on a court that would not otherwise have jurisdiction over the subject of the matter.[5]
Simply put, what we have in this case is an action over which two courts have subject matter jurisdiction: Lincoln Parish, Louisiana, and Travis County, Texas. When a suit is filed in one of two courts that each possess proper subject matter jurisdiction and there exists a valid and enforceable forum selection clause, the issue then becomes whether or not the court may decline its jurisdiction based on the forum selection clause and dismiss the case. See Abuan v. Smedvig Tankships, Ltd., 96-1013, (La.App. 4th Cir.6/24/98), 717 So.2d 1194, writ denied, 98-2608 (La.1/15/99), 736 So.2d 208, cert. denied, 527 U.S. 1016, 119 S.Ct. 2359, 144 L.Ed.2d 254 (1999); Barcelona v. Sea Victory Maritime, Inc., 619 So.2d 741 (La. App. 4th Cir.1993), writ denied, 626 So.2d 1179 (La.1993). The court that declines to exercise its subject matter jurisdiction and enforces a valid forum selection clause is making a determination of venue; the court's power and authority to adjudicate the matter, or its subject matter jurisdiction, remains.
Thus, we conclude that an exception of lack of subject matter jurisdiction is an *408 improper procedural vehicle by which to assert enforcement of the forum selection clause in this case. The defendants could have urged the forum selection clause via an exception of improper venue, however, the defendants waived any exception of venue by not filing such exception prior to filing their answer. Recall that the instant suit was filed in October 2000 in a Louisiana court and the defendants filed answers containing general denials in October 2001. In November 2001, the defendants filed exceptions styled as declinatory exceptions of lack of subject matter jurisdiction, which were denied by the trial court. La. C.C.P. art. 925(A)(4) provides that an exception of venue is declinatory in nature and La. C.C.P. art. 928(A) provides that the declinatory exception shall be pleaded prior to or in the answer.
In summary, our limited holding in the case sub judice is that the defendants cannot assert the forum selection clause through an exception of lack of subject matter jurisdiction, as the forum selection clause does not affect the power or authority of the court to hear the matter.[6] We note that the cases relied upon by the defendants are procedurally distinguishable from the case sub judice. Digital Enterprises, Inc., supra, was before the trial court on a timely filed exception of improper venue. Pitts, supra, was before the trial court on exceptions of improper venue and lack of subject matter jurisdiction. While the exceptions in Pitts were styled conjunctively to include lack of subject matter jurisdiction, the panel of this court clearly upheld the forum or venue selection made by the parties in the forum selection clause. Finally, we further note that, in Lejano v. Bandak, 97-0388 (La.12/12/97), 705 So.2d 158, cert. denied, 525 U.S. 815, 119 S.Ct. 52, 142 L.Ed.2d 40 (1998), after the denial of exceptions of improper venue and lack of subject matter jurisdiction, the supreme court analyzed and enforced a forum selection clause when asserted via a motion for partial summary judgment.

CONCLUSION
For the foregoing reasons, the judgment of the trial court denying the defendants' Exceptions of Lack of Subject Matter Jurisdiction is affirmed. Costs of appeal are assessed against the defendants.
AFFIRMED.
DREW, J., dissents for the reasons assigned by Judge MOORE.
MOORE, J., dissents with written reasons.
MOORE, J, dissenting.
The district court was called to interpret the "Law Governing" clause in the partnership agreements, aptly observing that the sole issue was whether it had jurisdiction over the litigation between the parties. Likewise, jurisdiction is the only issue raised in this court for supervisory review. The majority has strayed into matters not contemplated by the parties or presented to the district court.
The "Law Governing" clause states, in pertinent part: "Travis County, Texas shall be appropriate jurisdiction and venue for any litigation with respect to the partnership." The district court found that *409 this did not exclude the possibility of other forums besides Travis County, Texas. Such a conclusion simply defies the basic rules of contract interpretation, La. C.C. arts.2046 and 2049. By strained and tortuous construction, the court found the clause could have been more restrictive. The federal case which the district court cited in support was unreported and thus not competent authority. FRAP Local R. 47.5.3. Moreover, that federal opinion never mentioned the plain meaning rule of construction.
The majority conveniently overlooks this error until the final paragraph of its opinion. However, in Lejano v. Bandak, 97-0388 (La.12/12/97), 705 So.2d 158, cert. denied, 525 U.S. 815, 119 S.Ct. 52, 142 L.Ed.2d 40 (1998), the supreme court analyzed a choice of forum clause which stated that actions "may be brought" in a designated forum. If anything, the "may be brought" formulation is much more permissive than the "shall be appropriate jurisdiction" clause used in the instant case. Nevertheless, the supreme court held that to expand "may be brought" to allow jurisdiction in the designated forum and anyplace else the plaintiff may choose would eviscerate the contract and frustrate parties' clearly expressed intent. The court therefore enforced the clause.
In my view, the same rationale validates the "Law Governing" clause and negates the district court's holding. On this basis alone, we should make our prior writ peremptory, sustain the exceptions of lack of subject matter jurisdiction, and render judgment dismissing these actions.
Rather than address the district court's blatant error, the majority embarks on a tutorial about the distinction between jurisdiction and venue. While this is interesting and has a certain scholarly allure, it perpetuates the district court's error. Forum selection clauses are prima facie valid and should be enforced unless the enforcement would be unreasonable under the circumstances. Lejano v. Bandak, supra; M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Unless it contravenes a strong public policy, a forum selection clause should be enforced as written. Lejano v. Bandak, supra; Pitts Inc. v. Ark-La Resources LP, 30,836 (La.App. 2 Cir. 8/19/98), 717 So.2d 268. The "Law Governing" clause plainly elects venue and jurisdiction in Travis County, Texas, and it should be applied as written.
In light of the parties' clearly stated intent, the majority's effort to reduce the "Law Governing" clause to a permissive venue option is misguided and erroneous. Parties waive jurisdiction all the time, most notably in arbitration clauses. See, e.g., Stadtlander v. Ryan's Family Steakhouses Inc., 34,384 (La.App. 2 Cir. 4/4/01), 794 So.2d 881,writ denied, XXXX-XXXX (La.6/22/01), 794 So.2d 790. The majority cites not one case in which a forum selection clause, specifying venue and jurisdiction, has been demoted to venue only.
The district court and the majority of this court have both disregarded the parties' clearly stated intent. As an incongruous result, the Third JDC will have to take notice of Texas partnership law to resolve technical disputes between parties who are mostly from Texas. I respectfully dissent.

APPLICATION FOR REHEARING
Before WILLIAMS, GASKINS, PEATROSS, DREW, and MOORE, JJ.
Rehearing denied.
DREW and MOORE, JJ., would grant rehearing.
NOTES
[1] He also sought a writ of mandamus, but this was dismissed on the defendants' exception of improper use of summary proceedings.
[2] There is extensive discussion in the parties' briefs about whether the forum selection clause is permissive or mandatory. A literal reading of the forum selection clause could lead one to reasonably conclude that the partners agreed only that Travis County, Texas, is an appropriate forum rather than the only appropriate forum. This interpretation would support a finding that the clause is permissive. On the other hand, the parties' choice of law tends to suggest that the parties may have intended that it be mandatory that any litigation be instituted in Texas. At best, the clause may be construed as ambiguous and the intent of the parties not immediately discernable.
[3] Black's Law Dictionary states:

"Venue must be carefully distinguished from jurisdiction. Jurisdiction deals with the power of a court to hear and dispose of a given case; in the federal system, it involves questions of a constitutional dimension concerning the basic division of judicial power among the states and between state and federal courts. Venue is of a distinctly lower level of importance; it is simply a statutory device designed to facilitate and balance the objectives of optimum convenience for parties and witnesses and efficient allocation of judicial resources." Jack H. Friedenthal et al., Civil Procedure §§ 2.1, at 10 (2d ed.1993). "The distinction must be clearly understood between jurisdiction, which is the power to adjudicate, and venue, which relates to the place where judicial authority may be exercised and is intended for the convenience of the litigants. It is possible for jurisdiction to exist though venue in a particular district is improper, and it is possible for a suit to be brought in the appropriate venue though it must be dismissed for lack of jurisdiction. The most important difference between venue and jurisdiction is that a party may consent to be sued in a district that otherwise would be an improper venue, and it waives its objection to venue if it fails to assert it promptly. This is in striking contrast to subject-matter jurisdiction, which cannot be conferred by the parties, if it has not been granted by Congress, whether by consent, waiver, or estoppel." Charles Alan Wright, The Law of Federal Courts §§ 42, at 257 (5th ed. 1994).
BLACK'S LAW DICTIONARY (7th ed.1999).
[4] The exception itself states that "said matter falls exclusively within the jurisdiction of the courts of Travis County, Texas."
[5] The defendants point to the inclusion of the word "jurisdiction" in section 12.2 for support of their argument that the parties intended to agree as to subject matter jurisdiction in addition to venue. As discussed herein, however, the recitation of the word "jurisdiction" in the clause does not alter the subject matter jurisdiction, or the ability to hear a case of this type, of any court. The inclusion of the word "jurisdiction" may have been intended to operate as a waiver to any objection on the part of Luffey to personal jurisdiction in Travis County, Texas.
[6] The trial court reached its conclusion to deny the exceptions by finding the forum selection clause to be permissive. We arrive at the same conclusion, but for different reasons. It is well-settled that our review is of the judgment of the trial court and not the reasons for judgment. Hoskins v. Hoskins, 36,031 (La.App.2d Cir.4/5/02), 814 So.2d 773; Rogers v. Stockmon, 34,327 (La. 11/1/00), 780 So.2d 386; Harris v. Bancroft Bag, Inc., 30,431 (La.App.2d Cir.4/9/98), 714 So.2d 44.