CHARLES EDWARD DILLON AND CORDIE W. DILLON
v.
BANKERS INSURANCE COMPANY AND BANKERS SURETY SERVICES, INC.
No. 2009 CA 1121.
Court of Appeals of Louisiana, First Circuit.
February 12, 2010.
Not Designated for Publication
CHARLES M. STEVENSON, Counsel for Plaintiffs-Appellants, Charles Edward Dillon and Cordie W. Dillon.
WILLIAM NOLAND, Counsel for Defendants-Appellees, Bankers Insurance Company and Bankers Surety Services, Inc.
Before: PARRO, KUHN, and McDONALD, JJ.
KUHN, J.
Plaintiffs-appellants, Charles Edward Dillon and Cordie W. Dillon, appeal the trial court's judgment that sustained declinatory exceptions raising the objections of improper venue and lack of jurisdiction filed by defendants-appellees, Bankers Insurance Company ("BIC") and Bankers Surety Services, Inc. ("BSSI"), and dismissed plaintiffs' suit without prejudice. In support of their exceptions, defendants relied on a forum-selection clause that fixed Pinellas County, Florida, as the venue for any disputes arising pursuant to agency agreements executed by the parties. Plaintiffs maintain the forum-selection clause contained in the agreements is invalid and unenforceable and that the trial court improperly sustained the exceptions and dismissed their suit. For the following reasons, we vacate in part and affirm in part.

I. PROCEDURAL AND FACTUAL BACKGROUND
On December 29, 1995, Charles Edward Dillon, d/b/a Dillon Bonding Services, entered into an agency agreement with BIC and BSSI whereby the latter two entities agreed to insure the bail bonds issued by Dillon Bonding Services. Mr. Dillon, as agent, and Mr. and Mrs. Dillon, as indemnitors, agreed to indemnify the defendant companies for losses incurred. On December 29, 1998, an amended and restated agency agreement was executed between A-Action Bail Bonds, Inc. and BIC and BSSI. The defendant companies authorized A-Action Bail Bonds, Inc., to bind them on bail bond risks, and A-Action Bail Bonds, Inc, as agent, and Mr. and Mrs. Dillon, as indemnitors, agreed to indemnify the defendant companies for losses incurred.
Under the agency agreements, the agents were required to reserve a sum equal to five percent of the total premium charged by the agents, with such sum due and payable to BSSI, who was to maintain such "build up funds" ("BUF") in trust for the agents in an interest-bearing account in BSSI's name. The purpose of such account was to "protect and insure [BSSI] against any failure to collect or pay over premium or any loss or expenses...." The agreements provided that the "BUF shall be immediately drawable by [BSSI] at the time and in the amount of any losses as defined [in the agency agreement]...."
Further pertinent to this appeal, both the 1995 and 1998 agreements contained a provision stating:
For purposes of this Agreement, the parties hereto agree that this contract shall be deemed a Florida contract and that venue shall be fixed in Pinellas County, Florida for any disputes or litigation arising hereunder and all interpretations hereof shall be determined by the laws of the State of Florida.
According to plaintiffs' petition, which was filed in the Twenty-Second Judicial District Court for the Parish of St. Tammany, BIC and BSSI breached the agency agreements and their fiduciary duty "by debiting Mr. Dillon's `BUF' account for bond forfeiture judgments and other costs associated thereto without justifiable or legal grounds....," and Mr. and Mrs. Dillon are entitled to an accounting and an award of all sums debited from the "BUF" account, plus attorneys' fees and costs as provided in the agency agreements. Plaintiffs further alleged that the defendants had promised Mr. Dillon, as an inducement for him to sign the agency agreements, that he would be the exclusive bail bond agent for the defendants in St. Tammany Parish, but plaintiffs claim that while these agreements were in force, the defendants allowed other bail bondsmen to write bonds for them in St. Tammany Parish. Plaintiffs aver that this conduct and the defendants' actions of improperly debiting the "BUF" account constituted unfair and deceptive trade practices.

II. ANALYSIS
Jurisdiction is a separate and distinct legal concept from venue. Turner v. Leslie, 96-2288 (La. 12/6/96), 684 So.2d 395, 396. A forum-selection clause expresses the parties' intent with regard to venue, which means the "parish where an action or proceeding may properly be brought and tried under the rules regulating the subject." La. C.C.P. art. 41. Subject matter jurisdiction, on the other hand, is the "legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." La. C.C.P. art. 2. Subject matter jurisdiction is created by the constitution or legislative enactment and cannot be conferred or waived by the parties. See La. Const, art. V (Judicial Branch); La. C.C.P. arts. 2 and 3; Boudreaux v. State Dept. of Transp. and Dev., 01-1329, p. 7 (La. 2/26/02), 815 So.2d 7, 12. Accordingly, subject matter jurisdiction is not affected by the parties' agreement as to venue, via a forum-selection clause, as to the particular forum where a suit may or shall be brought by an aggrieved party. Stated another way, venue is not concerned with the power of and authority of a court, but with the parish or county where an action may be brought.[1]Luffey ex rel. Fredericksburg Properties of Texas, LP v. Fredericksburg Properties of Texas, LP, 37,591, p. 6 (La. App. 2d Cir. 12/10/03), 862 So.2d 403, 406.
Forum-selection clauses are prima facie valid and legally binding in Louisiana. Vallejo Enterprise, L.L.C. v. Boulder Image, Inc., 05-2649, p. 3 (La. App. 1st Cir. 11/3/06), 950 So.2d 832, 835. A party seeking to set aside such a provision bears a heavy burden of proof, and such a clause should be enforced unless the resisting party clearly proves that enforcement would be unreasonable and unjust, or that the clause arises from fraud or overreaching, or that its enforcement would contravene a strong public policy of the forum where the suit is brought. Id. It is incumbent on the party seeking to escape his contract to show that a trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Vallejo Enterprise, L.L.C, 05-2649 at pp. 5-6, 950 So.2d at 837. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain. See Id.
On the trial of the declinatory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition, the citation, or return thereon. La. C.C.P. art. 930. In determining whether enforcement of a forum-selection clause would be unreasonable or unjust, the party seeking to avoid its enforcement must show that the contractually-designated forum is seriously inconvenient for the trial of the action. Vallejo Enterprise, L.L.C., 05-2649 at p. 5, 950 So.2d at 836-37. Mere inconvenience or additional expense should not suffice as proof of hardship since these are burdens that were allocated by the parties' private bargain. Id., 05-2649 at p. 6, 950 So.2d at 837.
At the trial of the exceptions, the defendants introduced the agency agreements into evidence. Plaintiffs introduced no evidence to oppose the exceptions. Thus, plaintiffs presented no showing that the designated forum of Pinellas County, Florida, would pose a serious inconvenience or difficulty to them, such that the forum-selection clause should be deemed unenforceable.
On appeal, plaintiffs urge that the forum-selection clause should not be enforced in this instance, claiming that the agency agreements should be considered "employment contracts" within the meaning of La. R.S. 23:921A(2), which declares "null and void" the provisions of employment contracts or agreements designating a "choice of forum" or "choice of law" clause, except where such clauses are "expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil ... action." In the instant case, both agency agreements provide in pertinent part, "AGENT is and shall at all times material hereto, continue to be an independent agent and contractor, and is not and shall not be an employee of either [BIC or BSSI]." Because plaintiffs failed to introduce any evidence contradicting the terms of the agency agreements, we must conclude, based on the record before us, that the agency agreements at issue are not employment contracts.
Plaintiffs also urge that their suit should have proceeded under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401 et seq., and that forum-selection clauses are prohibited in such cases. See La. R.S. 51:1407. We find no merit in this contention. Louisiana Revised Statutes 51:1406 provides, in pertinent part:
The provisions of this chapter shall not apply to:
(1) Any federally insured financial institution, its subsidiaries, and affiliates or any licensee of the Office of Financial Institution, its subsidiaries, and affiliates or actions or transactions subject to the jurisdiction of the Louisiana Public Service Commission or other public utility regulatory body, the commissioner of financial institutions, the insurance commissioner, the financial institutions and insurance regulators of other states, or federal banking regulators who possess authority to regulate unfair or deceptive trade practices. (Emphasis added.)
Louisiana Revised Statutes 22:2A provides, in part, that "[i]t shall be the duty of the commissioner of insurance to administer the provisions of [the insurance code]." The insurance code contains specific provisions for unfair trade practices in La. R.S. 22:1961 et seq. Louisiana Revised Statutes 22:1963 provides, "No person shall engage in this state in any trade practice which is [defined in the unfair trade practices part] to be an unfair method of competition or an unfair or deceptive act or practice in the conduct of the business of insurance." Therefore, since plaintiffs' claims alleging unfair trade practices falls within the jurisdiction of the insurance commissioner, it is exempt from the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401 et seq. See Alarcon v. Aetna Cas. and Sur. Co., 538 So.2d 696, 700 (La. App. 5th Cir. 1989); Comeaux v. Pennsylvania Gen. Ins. Co., 490 So.2d 1191, 1193 (La. App. 3d Cir. 1986); West v. Fireman's Fund Ins. Co., 683 F.Supp. 156, 157 (M.D. La. 1988). Thus, we conclude that plaintiffs' suit, including their claims for recovery based on alleged unfair trade practices, was properly dismissed.
For these reasons, we find that the trial court properly enforced the valid forum-selection clause and properly sustained defendants' exception urging the objection of improper venue. See Luffey ex rel. Fredericksburg Properties of Texas, LP, 37,591 at pp. 7-8, 862 So.2d at 407. As the forum-selection clause does not affect the power or authority of the court to hear the matter, we find the trial court improperly sustained the exception raising the objection of lack of jurisdiction, and should have merely declined to exercise its subject matter jurisdiction. Accordingly, we vacate that portion of the trial court's judgment. See Luffey ex rel. Fredericksburg Properties of Texas, LP, 37,591 at pp. 8-9, 862 So.2d at 408.[2]
Louisiana Code of Civil Procedure article 932 sets forth the effect of sustaining a declinatory exception:
A. When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court; if the court finds, on sustaining the objection that service of citation on the defendant was not requested timely, it may either dismiss the action as to that defendant without prejudice or, on the additional finding that service could not have been timely requested, order that service be effected within a specified time.
B. If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action, claim, demand, issue, or theory subject to the exception shall be dismissed; except that if an action has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice.
Because the exception raising the objection of improper venue was based on the forum-selection clause in the agency agreements, amendment of the petition cannot remove that ground. Thus, it would be a vain and useless act to allow plaintiffs the opportunity to amend their petition. See Vallejo Enterprise, L.L.C., 05-2649 at p. 7, 950 So.2d at 838. Further, because transfer of the action to Florida was impossible, the trial court's dismissal of the suit without prejudice was appropriate.

III. CONCLUSION
For the above reasons, we find the trial court improperly sustained the exception raising the objection of lack of jurisdiction, and we vacate that portion of the trial court's judgment. Otherwise, the trial court's judgment is affirmed. Appeal costs are assessed against plaintiffs-appellants, Charles Edward Dillon and Cordie W. Dillon.
VACATED IN PART AND AFFIRMED IN PART.
NOTES
[1] When parties select one of several courts that possess subject matter jurisdiction to decide a matter via a forum-selection clause, such selection is one of venue, which does not affect the subject matter jurisdiction of either court. The parties may not, however, by agreement divest a court of its constitutionally created subject matter jurisdiction nor may they bestow subject matter jurisdiction on a court that would not otherwise have jurisdiction over the subject matter. Luffey ex rel. Fredericksburg Properties of Texas, LP v. Fredericksburg Properties of Texas, LP, 37,591, p. 7 (La. App. 2d Cir. 12/10/03), 862 So.2d 403, 407.
[2] A court that declines to exercise its subject matter jurisdiction and enforces a valid forum-selection clause is making a determination of venue; the court's power and authority to adjudicate the matter, or its subject matter jurisdiction, remains. Luffey ex rel. Fredericksburg Properties of Texas, LP, 37,591 at p. 8, 862 So.2d at 407.