DREW, J.
 

 1 tMitchell Barrett (“Barrett”), a resident of Mississippi, did business as Barrett Auto Brokers in Morehouse Parish. Barrett Auto Brokers sold used cars. In 2008, Barrett applied for, and was granted, floor plan financing from Dealer Services Corporation (“DSC”) with a credit limit of $100,000. Donald Barrett acted as Barrett’s guarantor. Barrett executed a demand promissory note and security agreement with DSC.
 

 DSC apparently placed nine vehicles on Barrett Auto Brokers’ floor plan without Barrett’s knowledge or permission and then charged daily interest on these vehicles.
 

 Barrett d/b/a Barrett Auto Brokers filed suit against DSC alleging that: (i) DSC provided floor plan financing to unknown third parties while charging him for the financing; (ii) he had been unable to obtain appropriate floor plan financing because of DSC’s illegal floor plan financing; (iii) DSC’s actions prevented him from having adequate floor plan financing; (iv) DSC’s representative contacted Barrett’s counsel and threatened action against Barrett; (v) DSC harassed him; (vi) DSC continued to contact him even after being told not do so; (vii) DSC damaged him by contacting others in an effort to get information about him; (viii) DSC ruined his credit; and (ix) DSC breached their contract in bad faith.
 

 DSC filed the exception of improper venue, asserting that venue was not proper in Morehouse Parish because Barrett was not a resident of Louisiana, the claims arose in Mississippi, and no wrongful conduct or damage was alleged to have occurred in Morehouse Parish. DSC further asserted that a cause of action could only be filed in East Baton Rouge ^Parish if brought in Louisiana.
 
 [1]
 
 DSC supplemented its exception of improper venue to argue additionally that Barrett had agreed to venue in Indiana in a forum selection clause contained in the note and the personal guaranty. DSC also filed the exception of vagueness.
 

 Barrett amended his petition to allege that DSC had damaged his business by
 
 *324
 
 contacting others in Morehouse Parish in an effort to obtain information about him. He supplemented the petition to allege further that Barrett Auto conducted business in Morehouse Parish,
 
 [2]
 
 that DSC dealt with him in Morehouse Parish and knew that was where he conducted his business, and that the wrongful conduct occurred and damages were sustained in Morehouse Parish.
 

 The trial court reasoned that venue was proper in Morehouse Parish, and that Barrett’s action sounded in tort and was outside the promissory note and security agreement. Accordingly, the exception of improper venue was denied. The court granted the exception of vagueness in part, and ordered Barrett to amend paragraphs eight and nine of his petition. Barrett subsequently amended his petition to remove paragraph eight, which asserted that representatives of DSC had damaged his business by contacting others in More-house Parish.
 

 |3PSC applied for a supervisory writ with this court. DSC argued that the forum selection clause mandated that Barrett bring his lawsuit in Marion County, Indiana. This court granted the writ and docketed it.
 

 DISCUSSION
 

 Venue is a question of law. Therefore, on review, the appellate court conducts a
 
 de novo
 
 review of the record.
 
 Town of Homer v. United Healthcare of Louisiana, Inc.,
 
 41,512 (La.App.2d Cir.1/31/07), 948 So.2d 1163.
 

 Forum selection clauses are legal and binding, and one seeking to set aside such a provision bears a heavy burden of proof.
 
 Pitts, Inc. v. Ark-La Resources, L.P.,
 
 30,867 (La.App.2d Cir.8/19/98), 717 So.2d 268. Such clauses are
 
 prima facie
 
 valid and should be enforced unless the resisting party clearly proves that enforcement would be unreasonable and unjust, or that the clause arises from fraud or overreaching, or that enforcement would .contravene a strong public policy of the forum where the suit is brought.
 
 Id.
 

 DSC is a Delaware corporation with its principal office in Carmel, Indiana. Regarding venue, the promissory note and security agreement stated, with our emphasis added:
 

 As evidenced by Dealer’s signature below, Dealer submits to the personal jurisdiction and venue of the state or federal courts of Marion County, Indiana, and agrees that
 
 any and all claims or disputes pertaining to this Note initiated by Dealer
 
 shall be brought in the state or federal courts of Marion County, Indiana. Further, Dealer expressly consents to such jurisdiction and venue of the state or federal courts in Marion County, Indiana, to any action brought in such court by DSC and waives any claim of inconvenient forum with respect to any such action. DSC reserves the right to initiate and prosecute any action against Dealer in any court of competent jurisdiction and Dealer consents to such Forum as DSC may elect.
 

 |4Ponald Barrett and Mitchell Barrett each signed an individual personal guaranty with DSC that provided, with our emphasis added:
 

 This Guaranty shall be governed by the laws of the State of Indiana and Guarantor submits to the personal jurisdiction and venue of the state or federal courts
 
 *325
 
 of Marion County, Indiana, and agrees that
 
 any and all claims or disputes pertaining to the Note or this Guarantee initiated by Guarantor
 
 shall be brought in the state or federal courts of Marion County, Indiana. Further, Guarantor expressly consents to such jurisdiction and venue of the state or federal courts in Marion County, Indiana, to any action brought in such court by DSC and waives any claim of inconvenient forum with respect to any such action. DSC reserves the right to initiate and prosecute any action against Guarantor in any court of competent jurisdiction and Guarantor consents to such Forum as DSC may elect.
 

 Barrett contends that the forum selection clause does not apply to his lawsuit because none of his allegations are claims or disputes pertaining to the note, and that this type of claim was not contemplated under the terms of the agreement. This argument is without merit.
 

 We note from the outset that one of the allegations in the petition was that DSC breached its contract with Barrett. We also note that in his opposition memorandum to the exception of vagueness, Barrett argued that his case is not one where any negligence is alleged, but is a case for breach of contract. Barrett’s counsel explained this to the trial court by arguing that the suit is a hybrid action with a tort component and that DSC acted intentionally.
 

 The relationship between DSC and Barrett arose from the floor plan financing contract, which is evidenced by the promissory note and security agreement. Barrett contends he was damaged when DSC floor planned vehicles not owned by him. Therefore, any duties or obligation owed to | ¿Barrett to floor plan vehicles properly cannot exist separate and apart from their contract. A claim that was arguably outside the contract, that DSC damaged him by contacting others, was subsequently removed from the petition.
 

 Barrett next argues that the enforcement of the forum selection clause would be unreasonable, unjust, overreaching, and against strong public policy. This argument is also without merit.
 

 Barrett contends that it would be unreasonable, unjust, overreaching and against public policy to require this matter to be tried in Marion County, Indiana, when all of the illegal actions occurred in Louisiana where both parties do business, where the office that Barrett deals with is located, where the witnesses are located, and where the damages occurred. This is essentially arguing that the forum is inconvenient. Barrett contends in brief that this is not a question of inconvenient forum, although he declares it could be if this matter was moved to Marion County, Indiana.
 
 Compare Lee v. Commodore Holdings, Ltd.,
 
 2000-1551 (La.App. 4th Cir.12/6/06), 947 So.2d 158,
 
 writ denied,
 
 2007-0300 (La.4/20/07), 954 So.2d 163, where the plaintiff, a Jefferson Parish domiciliary, alleged that she was injured aboard a cruise ship on the Mississippi River in Orleans Parish. The court upheld a forum selection clause in her cruise ship ticket requiring her- to bring her lawsuit in New York City. We also note that the guaranty note and the promissory note and security agreement are governed by Indiana law.
 

 | sin support of his argument that the forum selection clause is against public policy, Barrett cites a provision from La. R.S. 51:1407:
 

 It being against the public policy of the state of Louisiana to allow a contractual selection of venue or jurisdiction contrary to the provisions of the Louisiana Code of Civil Procedure, no provision of
 
 *326
 
 any contract which purports to waive these provisions of venue, or to waive or select venue or jurisdiction in advance of the filing of any civil action, may be enforced against any plaintiff in an action brought in these courts.
 

 La. R.S. 51:1407 is found in Chapter 13 of Title 51, “Unfair Trade Practices and Consumer Protection Law.” Barrett has not alleged any unfair trade practice. Moreover, we note that La. R.S. 51:1407 refers to actions brought by the attorney general. There is a separate statute, La. R.S. 51:1409, for private actions. Barrett was not an unsophisticated consumer at the mercy of predators. He was a businessman intending to use substantial credit offered by DSC to finance his business operations.
 

 CONCLUSION
 

 Based on the foregoing reasons, we grant the writ, reverse the judgment denying the exception of improper venue, and dismiss this lawsuit. Costs are assessed to the plaintiff, Barrett Auto Brokers.
 

 WRIT GRANTED; JUDGMENT REVERSED.
 

 [1]
 

 . DSC’s registered office and principal business establishment in Louisiana were in East Baton Rouge Parish.
 

 [2]
 

 . It was asserted that Barrett Auto stored and sold cars in Morehouse Parish, made and received telephone calls in Morehouse Parish, had a Louisiana telephone number, wholesaled vehicles in Morehouse Parish, and operated at least 40 hours per week in Morehouse Parish.