WILLIAMS, J.
| plaintiffs, Bryan Lewis, Kyle Lewis and David Lewis, appeal a district court’s ruling sustaining exceptions of improper venue and lack of subject matter jurisdiction in favor of defendants, Harry K. Townsend and Louise C. Townsend. For the following reasons, we affirm.
FACTS
In 1990, John and Julie Lewis filed a lawsuit against defendant, Harry Knox Townsend, and his mother, Louise C. Townsend. The lawsuit was filed in the U.S. District Court for the Western District of Louisiana, on behalf of plaintiffs’ minor children, Bryan Lewis, Kyle Lewis and David Lewis.
On July 7, 1992, the parties entered into a settlement agreement, pursuant to which a trust was established “for the protection and benefit of the minor plaintiffs.”[1] Under the terms of the agreement, the trust was subject to the usufruct of Louise C. Townsend, and plaintiffs were not entitled to any funds in the corpus of the trust, or to any income produced by the corpus until the termination of the usufruct. However, Mrs. Townsend was prohibited from invading the corpus of the crust except “for sums necessary for Mrs. Townsend’s maintenance, care and support under circumstances in which she has no other funds available to her, and for [Harry K. Townsendj’s medical care ... under circumstances in which neither Mrs. Townsend nor [Harry K. Townsend] ha[s] any other funds available for such purpose.”
Further, the trust agreement provided, in pertinent part:
I ⅞* * *
[6g]. Any party hereto shall have the right to file in the U.S. District Court for the Western District of Louisiana, Shreveport Division, a proceeding contesting and seeking to prevent a distribution of the Corpus, or asserting such other remedy or remedies as may be appropriate with respect to a completed distribution from the Corpus[.] Each party hereto consents to the jurisdiction of the U.S. District Court for the Western District of Louisiana, Shreveport, Division, to hear and determine any matter in dispute as aforesaid with respect to a requested or completed withdrawal, and each party ayrees that he or she will not contest either the jurisdiction or the venue of said court in such proceeding[.]
[[Image here]]
11. This Agreement cannot be terminated, revoked, or modified, in whole or in part, except upon the written consent signed by all parties. The parties agree that this Agreement shall be governed, interpreted and enforced under the laws of the State of Louisiana; and, if any party shall institute suit in connec *186 tion with this Agreement, the sole proper venue for such suit shall be the U.S. District Court for the Western District of Louisiana, Shreveport, Division.
[[Image here]]
(Emphasis added).
On August 15, 2011, Louise Townsend submitted a request to Regions Bank, seeking to withdraw $17,000 from the corpus of the trust. She asserted that the sums were necessary for her maintenance, care and support and that she was “in financial need as a result of the depletion of [her] personal assets and ha[s] nowhere else to turn for funds[J”
On October 6, 2011, plaintiffs filed a petition in the First Judicial District Court, Parish of Caddo, seeking to (1) modify the forum-selection clause set forth in the trust agreement; and (2) prevent Mrs. Townsend’s withdrawal from the corpus. In response, defendants filed “Exceptions of | ¡(Venue and Jurisdiction.” The district court sustained the exceptions, stating:
There obviously was jurisdiction when the original case was filed that resulted in the Consent Agreement. I would much rather the federal judge decide that he doesn’t have jurisdiction than me to decide for the federal judge that he doesn’t have jurisdiction, and he may find jurisdiction. But it is clear that’s what the Agreement said.
Plaintiffs now appeal.
DISCUSSION
Plaintiffs do not dispute the language of the forum selection provisions set forth in the trust agreement. Rather, plaintiffs contend the enforcement of the forum selection clause would be unreasonable because it would deprive them of their day in court. According to plaintiffs, the federal court does not have subject matter jurisdiction over this case because diversity of citizenship does not exist herein, and the amount in controversy is $17,000, and not the $75,000 required under the federal rules.
Parties to a contract may agree in advance to submit to the jurisdiction of a given court. Lejano v. Bandak, 97-0388 (La.12/12/97), 705 So.2d 158, cert. denied, 525 U.S. 815, 119 S.Ct. 52, 142 L.Ed.2d 40 (1998), citing National Equipment Rental v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964). When parties reduce their contracts to writing, and when the terms of the writing exhibit no uncertainty or ambiguity as to the nature, the object, and the extent of the agreement, it is presumed that the writing expresses the true and complete undertakings of the parties. Lejano, supra, citing Standard Oil Co. of La. v. Futral, 204 La. 215, 15 So.2d 65 (1943).
Forum selection clauses are legal and binding, and one seeking to set aside such a provision bears a heavy burden of proof. Barrett Auto Brokers v. Dealer Services Corp., 45,667 (La.App.2d Cir.9/22/10), 48 So.3d 322, writ denied, 2010-2381 (La.12/10/10), 51 So.3d 734; Pitts, Inc. v. Ark-La Resources, L.P., 30,837 (La.App.2d Cir.8/19/98), 717 So.2d 268. Such clauses are prima facie valid and should be enforced unless the resisting party clearly proves that enforcement would be unreasonable and unjust, or that the clause arises from fraud or overreaching, or that enforcement would contravene a strong public policy of the forum where the suit is brought. Id.
In Luffey ex rel. Fredericksburg Properties of Texas, LP v. Fredericksburg Properties of Texas, LP, 37,591 (La.App.2d Cir. 12/10/03), 862 So.2d 403, the parties entered into two partnership agreements. Both documents contained “Law Govern *187 ing” clauses which provided that the agreements would be governed by the laws of the state of Texas and that Travis County, Texas, was the appropriate jurisdiction and venue for any litigation arising out of the partnership agreement. The plaintiff filed a lawsuit in Lincoln Parish, Louisiana, and the defendants filed an exception of lack of subject matter jurisdiction. The defendants argued that the Louisiana court did not have jurisdiction over the matter pursuant to the “Law Governing” clause contained in the partnership agreement.
This Court noted the distinction between “jurisdiction” and “venue,” stating:
[Bjoth parties, in their briefs, use the terms “subject matter jurisdiction” and “venue” interchangeably in | ¡-.making their arguments. In so doing, both parties have missed the very critical legal distinction between those two legal concepts. This case is not about which court has or does not have subject matter jurisdiction over this action, but, rather, the relevant inquiry is whether the forum in which the action was filed was a court of proper venue and, necessarily, whether the objection to improper venue was properly and timely raised.
[[Image here]]
[T]he partnership agreements contain both a choice of law component and a forum selection clause. The defendants would have us interpret and apply the forum selection clause as an issue of subject matter jurisdiction. True, the defendants’ exceptions are styled as exceptions of lack of subject matter jurisdiction. Substantively, however, the exceptions are actually exceptions of venue in which the defendants argue that the suit should have been brought in Travis County, Texas, as provided in the forum selection clause. It is well[-]settled that an exception is to be treated as what it actually is, rather than what it is titled.
Id. at 406-07 (internal citations omitted) (Emphasis in original). We concluded that the exception of lack of subject matter jurisdiction was an improper procedural vehicle by which to assert the enforcement of the forum selection clause. We further concluded that the defendants could have urged the forum selection clause via an exception of improper venue; however, the defendants had waived the exception to venue by failing to file it prior to filing the answer.
In the instant case, plaintiffs filed the lawsuit to “Modify Trust Agreement and to Prohibit Distribution of Corpus.” In response, defendants styled the exceptions as “Exceptions of Venue and Jurisdiction.” As this Court noted in Luffey, supra, the issue presented is not whether the First Judicial District Court, Caddo Parish, or the United States District Court for the Western District of Louisiana has subject matter jurisdiction over this faction. The relevant question is whether the First Judicial District Court, Caddo Parish, is a court of proper venue.
Venue is a question of law. Therefore, the appellate court must conduct a de novo review of the record. Barrett Auto Brokers, supra; Town of Homer v. United Heathcare of La., Inc., 41,512 (La.App.2d Cir.1/31/07), 948 So.2d 1163.
As stated above, plaintiffs do not dispute that the federal district court is the proper venue pursuant to the terms of the trust agreement. Rather, plaintiffs argue that the forum selection clause is invalid because the federal district court lacks subject matter jurisdiction. However, it is not within our purview to determine whether or not the federal court has subject matter jurisdiction. That issue *188 can, and should, only be decided by the federal court.
Plaintiffs also contend the forum selection clause violates public policy and is unreasonable and unjust. Plaintiffs contend that defendants can easily prevent plaintiffs from ever modifying the agreement simply by destroying diversity of citizenship and by keeping the amount in controversy below $75,000. Plaintiffs urge that should defendants do so, state courts would decline to hear the matter on the basis of the forum selection clause and no federal court would exercise subject matter jurisdiction.
Again, we note that the issue of whether the federal court lacks subject matter jurisdiction over this case is not for this Court to decide. We need only determine whether plaintiffs have proven that the forum selection |7provisions set forth in the trust agreement are unenforceable.
We also note that plaintiffs have neither alleged nor proven that the agreement itself is invalid. Indeed, the terms of the trust agreement were bargained for and negotiated by John and Julie Lewis, on behalf of their minor children. The Lew-ises were represented by counsel during these negotiations. The parties have submitted to the terms of the trust agreement from the time it was signed (in 1992), until now.
After thoroughly reviewing this record, we find that plaintiffs have failed to make a clear showing that the enforcement of the forum selection clause would be unreasonable or unjust. The only argument advanced by plaintiffs is that the federal district court lacks subject matter jurisdiction. Therefore, we find that plaintiffs have failed to meet their heavy burden of proving that the forum selection provision of the agreement is invalid and unenforceable. Consequently, the district court did not err in sustaining defendants’ declinato-ry exception of improper venue.
CONCLUSION
For the reasons set forth herein, the district court’s ruling sustaining defendants’ declinatory exception of improper venue is hereby affirmed. Costs of this appeal are assessed to plaintiffs, Bryan Lewis, Kyle Lewis and David Lewis.
AFFIRMED.

. At the time the agreement was executed, the corpus of the trust exceeded $275,000.