950 So.2d 832 (2006)
VALLEJO ENTERPRISE, L.L.C.
v.
BOULDER IMAGE, INC.
No. 2005 CA 2649.
Court of Appeal of Louisiana, First Circuit.
November 3, 2006.
*834 Joseph R. Ward, Jr., Covington, Counsel for Plaintiff/Appellant Vallejo Enterprise, L.L.C.
Stephen L. Williamson, Jeffrey W. Peters, New Orleans, Counsel for Defendant/Appellee Boulder Image, Inc.
Before: KUHN, GAIDRY, and WELCH, JJ.
GAIDRY, J.
This is an appeal of a judgment sustaining a declinatory exception of improper venue, based upon a forum-selection clause in the contract between the parties. For the following reasons, we amend the judgment and affirm the judgment as amended.

FACTS AND PROCEDURAL HISTORY
On January 1, 2004, the plaintiff-appellant, Vallejo Enterprise, L.L.C. (Vallejo), a domestic business enterprise, entered into a distributorship agreement with the defendant-appellee, Boulder Image, Inc. (Boulder), an Arizona manufacturer of synthetic stone and other masonry products. The agreement provided exclusive distribution *835 rights to Vallejo for a term of two years, extendable for additional one-year terms at its option. The agreement also contained the following provision, incorporating a choice-of-law clause and a forum-selection clause:
9. GOVERNING LAW

This agreement shall be construed and interpreted in accordance with Arizona law and any suits with respect to this transaction contemplated herein shall be instituted in courts having their forum with [sic] the state of Arizona.
On February 23, 2005, Vallejo filed a petition in the 22nd Judicial District Court for the Parish of St. Tammany, seeking rescission of the distributorship agreement on the grounds of fraud, together with damages and attorney fees as authorized by La. C.C. art. 1958. In its petition, Vallejo alleged that prior to the execution of the agreement, Boulder made material misrepresentations as to the number of established jobbers or purchasers of its products in the distributorship territory. Vallejo further alleged that based upon these alleged misrepresentations, it was fraudulently induced into entering the agreement. Thus, it contends that the contract is void ab initio under La. C.C. art. 1948, as its consent was obtained through fraud.
Boulder responded to Vallejo's petition with a declinatory exception of improper venue, objecting to the jurisdiction and venue of the trial court by reason of the forum-selection clause quoted above.[1]
The hearing on Boulder's exception was held on July 27, 2005. At the conclusion of the hearing, the trial court ruled in favor of Boulder. Its judgment sustaining the declinatory exception was signed on August 3, 2005, and provided that Vallejo's claims were dismissed with prejudice. Vallejo now appeals, assigning as error the trial court's sustaining the exception and dismissing its action.

DISCUSSION
Forum-selection clauses, or choice-of-exclusive-forum clauses,[2] are prima facie valid, legal, and binding in Louisiana, and a party seeking to set aside such a provision bears a heavy burden of proof. See Pitts, Inc. v. Ark-La Resources, L.P., 30,836, p. 2 (La.App. 2nd Cir.8/19/98), 717 So.2d 268, 270. Such a clause should be enforced unless the resisting party clearly proves that enforcement would be unreasonable and unjust, or that the clause arises from fraud or overreaching, or that enforcement would contravene a strong public policy of the forum where the suit is brought. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15-16, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972). For the forum-selection clause to be unenforceable on the grounds of fraud or overreaching, it must be shown that the inclusion of the clause in the contract was the product of fraud or coercion. Scherk v. Alberto-Culver *836 Co., 417 U.S. 506, 519 n. 14, 94 S.Ct. 2449, 2457 n. 14, 41 L.Ed.2d 270 (1974).
Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction. La. C.C. art. 1953. Error induced by fraud need not concern the cause of the obligation to vitiate consent, but it must concern a circumstance that has substantially influenced that consent. La. C.C. art. 1955.[3]
On the trial of the declinatory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition, the citation, or return thereon. La. C.C.P. art. 930. In pleading fraud or mistake (error), the circumstances constituting fraud or mistake must be alleged with particularity. See La. C.C.P. art. 856. However, fraud need only be proved by a preponderance of the evidence and may be established by circumstantial evidence. La. C.C. art. 1957.
The terms of the agreement at issue were not disputed; in fact, Vallejo's counsel unequivocally advised the trial court that his client "[was] not contesting any provision in the contract" and that there was "no misinterpretation or misunderstanding or any ambiguity whatsoever." At the hearing of Boulder's exception, Vallejo offered no evidence in support of its petition's allegations, and opted to rely upon the bare allegations of its petition in lieu of presenting testimony from its potential witnesses on the issue of fraud.[4]
The agreement at issue contained no express warranty or other representation by Boulder as to the number of established jobbers or product purchasers, the subject of the alleged fraudulent misrepresentation. In fact, the agreement required Vallejo as distributor to "actively solicit business and promote the sale of [Boulder's] Products to potential customers. . . ." It also contained an integration clause which provided that all of the agreement's terms were set forth therein and that "there [were] no other warranties, obligations, covenants or understandings between the parties." This integration clause would not necessarily preclude the use of parol evidence to show error or fraud, however. See La. C.C. art. 1848. It was therefore incumbent upon Vallejo to overcome the presumption in favor of the forum-selection clause's validity by proof of fraud or a showing that its enforcement would be unreasonable or unjust, or contrary to the established public policy of this state.
In determining whether enforcement of a forum-selection clause would be unreasonable or unjust, the party seeking *837 to avoid its enforcement must show that the chosen forum is seriously inconvenient for the trial of the action. M/S Bremen, 407 U.S. at 16, 92 S.Ct at 1916. Since the claimed inconvenience would generally be foreseeable at the time the freely negotiated agreement was made, the party seeking to escape the clause must demonstrate that trial in the contractual forum will be so gravely difficult and inconvenient that it will for all practical purposes be deprived of its day in court. M/S Bremen, 407 U.S. at 17-18, 92 S.Ct. at 1917. Mere inconvenience or additional expense should not suffice as proof of hardship since these are burdens that were allocated by the parties' private bargain. See Anastasi Bros. Corp. v. St. Paul Fire & Marine Ins. Co., 519 F.Supp. 862, 864 (E.D.Pa.1981). Vallejo presented no evidence in the trial court and makes no showing on appeal that the designated forum, Arizona, would pose serious inconvenience to it under the foregoing standards.
In this appeal, Vallejo contends that it would be patently unfair to allow a foreign manufacturer to fraudulently induce a Louisiana company to enter into a contract and then permit the enforcement of a forum-selection clause for a foreign forum in that contract. Although the public policy of this state does militate against the use of forum-selection clauses in employment contracts, La. R.S. 23:921(A)(2), and in consumer transactions and cases of unfair trade practices, La. R.S. 51:1407, Vallejo has pointed to no authority supporting a proposition that commercially sophisticated parties may not limit their disputes to any forum of their choosing. See Reynolds v. Paulson, 03-1884, pp. 7-8 (La.App. 4th Cir.3/31/04), 871 So.2d 1215, 1220 and Lejano v. Bandak, 97-0388, pp. 23-4 (La.12/12/97), 705 So.2d 158, 170-71, cert. denied, 525 U.S. 815, 119 S.Ct. 52, 142 L.Ed.2d 40 (1998).
We would agree that that the presence of a forum-selection clause does not divest the trial court of jurisdiction to determine the underlying contract's validity and legality.[5] While the issue of fraud is the ultimate issue underlying the merits of Vallejo's cause of action for rescission and damages, the preliminary resolution of that issue in Vallejo's favor (at the very least insofar as it bore upon the forum-selection clause itself) was a necessary predicate to invalidation of the forum-selection clause. Absent proof of fraud or a showing as to one of the other criteria warranting its invalidation, the forum-selection clause is unambiguous and enforceable as a matter of law. The trial court's implicit conclusion that Vallejo failed to meet its threshold burden of proof of fraud vitiating either the clause or the entire contract is not manifestly erroneous.
Louisiana Code of Civil Procedure article 932 sets forth the effect of sustaining a declinatory exception:
A. When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court. . . .
B. If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action, claim, demand, issue, or theory subject to the exception shall be dismissed; except that if an action has been brought in a court of improper jurisdiction or venue, the court *838 may transfer the action to a proper court in the interest of justice.
As the grounds of the objection raised in the exception at issue were based upon the undisputed content of the agreement, amendment of the petition would not have served the purpose of removing those grounds. It would therefore have been a vain and useless act to allow Vallejo to amend its petition in an attempt to overcome the forum-selection clause. See American Int'l Gaming Ass'n, Inc. v. La. Riverboat Gaming Comm'n, 00-2864, p. 17 (La.App. 1st Cir.9/11/02), 838 So.2d 5, 18.
The only "other action" which Vallejo might have taken to remove the grounds of the objection was the presentation of evidence to controvert the forum-selection clause under the criteria established in M/S Bremen, 407 U.S. at 15-16, 92 S.Ct. at 1916. We must conclude that where a plaintiff has the opportunity but fails to offer any evidence at the hearing of a declinatory exception to controvert its grounds, he has failed to adequately establish a right to further "delay allowed by the court" to take "other action" on his part to remove the grounds of the objection.[6] Under these circumstances and because transfer of the action was impossible, dismissal under La. C.C.P. art. 932(B) was the only appropriate relief which the trial court could have granted.
Although the trial court was correct in sustaining Boulder's exception, the trial court erred in dismissing Vallejo's cause of action with prejudice. In the case of objections to either the venue or jurisdiction of the court, dismissal should result only in those cases where a transfer to the proper court would not be possible or would not be conducive to the administration of justice. See La. C.C.P. art. 932, Comments, (b). Such a dismissal would not preclude the filing of an action in the proper court. Id.[7]
Vallejo has not expressly assigned any error or raised any issue on appeal as to the nature or effect of the dismissal. This court has, however, a statutory mandate to render a judgment "which is just, legal, and proper upon the record on appeal." La. C.C.P. art. 2164. The purpose of article 2164 is to give the appellate courts "complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed on by the court below." Comment (a), La. C.C.P. art. 2164. Reading Vallejo's assignment of error as to the dismissal of its action broadly, we conclude that the trial court's judgment must be amended to provide that Vallejo's cause of action is dismissed without prejudice to its right to seek relief in a court of proper jurisdiction and venue.

DECREE
The judgment of the trial court, sustaining the declinatory exception of improper venue of the defendant-appellee, Boulder Image, Inc., is amended to provide that the claims of the plaintiff-appellant, Vallejo Enterprise, L.L.C., are dismissed without prejudice, and, as amended, is affirmed. All costs of this appeal are assessed to the plaintiff-appellant, Vallejo Enterprise, L.L.C.
*839 JUDGMENT AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] Although the usual objection raised by a defendant to assert the application of a forum-selection clause is that of "improper venue," where the forum designated in the clause is not another Louisiana court, the objection should perhaps more appropriately be styled as that of "improper jurisdiction" or "conventional lack of personal and subject matter jurisdiction." A forum-selection clause designating a foreign state's court as the exclusive forum for any contractual dispute between the parties essentially amounts to the conventional elimination or mutual waiver of such jurisdiction in all courts other than those designated. Louisiana Code of Civil Procedure article 925's list of objections which may be raised through a declinatory exception is expressly described as non-exclusive. At any rate, the substance of the objection, rather than its title, should control its disposition.
[2] See Black's Law Dictionary 258, 681 (8th ed.2004).
[3] Under this article, it is enough that the error induced by fraud concerned a circumstance that substantially influenced the party to bind himself, even though it did not concern the actual cause or reason why the party bound himself. This type of error thus differs from simple error. See La. C.C. art.1955, Revision Comments  1984, (b).
[4] The trial court specifically addressed the need for an evidentiary hearing to determine the issue of whether error induced by fraud vitiated the agreement. After inquiring of the court whether it intended to conduct the evidentiary hearing that day, Vallejo's counsel advised the court that he might present testimony from two witnesses on that issue, but for some reason submitted the matter for the trial court's ruling without calling those witnesses. After the trial court expressed its ruling, Vallejo did not express any objection that the trial court precluded it from presenting evidence, nor did it request leave to make an offer of proof. In its appellate brief, Vallejo does not dispute its failure to present evidence, but instead contends that the trial court erred in preliminarily requiring such proof on the "ultimate liability issue," in addition to the relevant allegations of its petition.
[5] See, e.g., Farmers Cotton Co., Inc. v. Savage, 30,289, p. 5 (La.App. 2nd Cir.6/26/98), 714 So.2d 926, 929, writ denied, 98-2322 (La.11/20/98), 728 So.2d 1288.
[6] See, e.g., Mitchell v. Terrebonne Parish School Board, 02-1021, pp. 6-7 (La.App. 1st Cir.4/2/03), 843 So.2d 531, 534, writ denied, 03-2275 (La.11/26/03), 860 So.2d 1135.
[7] See also La. C.C.P. art. 123(B), providing for dismissal of an action without prejudice on the grounds of forum non conveniens where a more appropriate forum exists outside of this state.