McCLENDON, J.
12Appellant seeks review of the district court’s judgment that granted a declinato-ry exception raising the objection of improper venue. Because we conclude that the district court did not err in enforcing the forum-selection clause in appellant’s contract with appellee, we affirm.
FACTS AND PROCEDURAL HISTORY
In March 2010, Rising Resources Control, Inc. (Rising Resources) entered into a contract with KIE Commodities and Finance, LLC (KIE), a company with its principal place of business in Detroit, Michigan. Rising Resources claims that the contract was confected in St. Mary Parish, Louisiana. Rising Resources agreed to purchase scrap metal from KIE, which leased a construction yard and office in St. Mary Parish. The agreement also contained the following provisions:

CONTRACT ARBITRATION

*1219 IF ANY DISPUTE/LITIGATION ARISES THE TWO PARTIES AGREE TO SOLVE IT BY FRIENDLY NEGOTIATION. IF THE DISPUTE PROVES IMPOSSIBLE TO SETTLE, IT SHALL BE FINALLY SETTLED IN THE STATE OF MICHIGAN, USA.
[[Image here]]

GOVERNING LAW

THE CONTRACT WILL BE GOVERNED, AND INTERPRETED IN ACCORDANCE WITH THE LAWS AND RULES OF ARBITRATION IN THE USA, MICHIGAN.
[[Image here]]

APPLICABLE LAWS AND DEFINITIONS

... ALL LITIGATION AND OR LEGAL ISSUES SHALL BE PERFORMED AND EXECUTED IN THE USA, STATE OF MICHIGAN.
On August 2, 2010, Rising Resources filed a Petition for Damages in the Sixteenth Judicial District Court of Louisiana for the Parish of St. Mary, seeking damages from KIE [1] arising from an alleged breach of contract.[2] On October 8, 2010, KIE filed a “Declinatory Exception [Of] Improper Venue,” asserting that St. Mary Parish was an improper venue and that the proper venue, in accordance with the terms of the parties’ contract, was the State of Michigan.
| ¡¡Following a hearing, the district court granted KIE’s declinatory exception and dismissed Rising Resources’ suit. Rising Resources has appealed, assigning the following errors for review:
1. The District Court erred in finding that enforcement of the contract’s forum-selection clause was reasonable and just.
2. The District Court erred in finding that enforcement of the contract’s forum-selection clause would not contravene the public policy of this state.
DISCUSSION
Forum-selection clauses, or choice-of-exclusive-forum clauses, are pri-ma facie valid, legal, and binding in Louisiana, and a party seeking to set aside such a provision bears a heavy burden of proof. Vallejo Enterprise, L.L.C. v. Boulder Image, Inc., 05-2649, p. 3 (La.App. 1 Cir. 11/3/06), 950 So.2d 832, 835. Such a clause should be enforced unless the resisting party clearly proves that enforcement of the forum-selection clause would be unreasonable and unjust, or that the clause arises from fraud or overreaching, or that enforcement would contravene a strong public policy of the forum where the suit is brought. Id. (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15-16, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972)).
In its first assignment of error, Rising Resources contends it established that the forum selection clause was unreasonable and unjust. Rising Resources contends that it filed suit in St. Mary Parish due to the following facts it avers are uncontested: (1) the negotiations leading up to the contract took place in St. Mary Parish; (2) the contract at issue was signed in St. Mary Parish; (3) both Rising Resources and KIE have offices in St. Mary Parish; and (4) all of the scrap metal *1220 that was to be shipped in accordance with the parties’ contract was located in either St. Mary or Terrebonne Parishes. Rising Resources avers that none of the individual parties or witnesses involved have any connection to the State of Michigan, other than the fact that KIE’s corporate office is located there. Rising Resources contends that removing this case to Michigan would not only | inconvenience all of the relevant parties, but would cause an undue delay in litigation that would cause irreparable damage to Rising Resources’ business.
In determining whether enforcement of a forum-selection clause would be unreasonable and unjust, courts generally require the party seeking to avoid its enforcement to bear the heavy burden of showing that the chosen forum is seriously inconvenient. See M/S Bremen, 407 U.S. at 16-17, 92 S.Ct. at 1916-17. Since the claimed inconvenience is generally foreseeable at the time of contracting, it is incumbent on the party seeking to escape its contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that it will for all practical purposes be deprived of its day in court. M/S Bremen, 407 U.S. at 17-18, 92 S.Ct. at 1917. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold the party to his bargain. Id. Mere inconvenience or additional expense should not suffice as proof of hardship since these are burdens that were allocated by the parties’ private bargain. Vallejo Enterprise, LLC, 05-2649 at p. 6, 950 So.2d at 837.
As pointed out by the trial court, Rising Resources introduced no evidence at the trial on the exception. We also note that argument of counsel, no matter how artful, is not evidence. Sims v. BFI Waste Services, L.L.C., 06-1319, pp. 8-9, (La.App. 1 Cir. 5/16/07), 964 So.2d 998, 1004. Nevertheless, even considering all the facts that Rising Resources avers are undisputed, we cannot say that the district court erred in concluding that Rising Resources failed to meet its heavy burden in this case. Accordingly, assignment of error number one is without merit.
In its second assignment of error, Rising Resources contends that the district court erred in finding that enforcement of the forum-selection clause would not contravene public policy of this state. In support, Rising Resources cites Thompson Tree & Spraying Service, Inc. v. White-Spunner Constr., Inc., 10-1187 (La.App. 3 Cir. 6/1/11), 68 So.3d 1142, writ denied, 11-1417 (La.9/30/11), 71 So.3d 290, wherein the third circuit, on public policy grounds, |fideclined to enforce a forum selection clause. In so ruling, the court relied upon LSA-R.S. 51:1407(A), which provides, in pertinent part:
It being against the public policy of the state of Louisiana to allow a contractual selection of venue or jurisdiction contrary to the provisions of the Louisiana Code of Civil Procedure, no provision of any contract which purports to waive these provisions of venue, or to waive or select venue or jurisdiction in advance of the filing of any civil action, may be enforced against any plaintiff in an action brought in these courts.
The court found that although the referenced public policy language appears in the Louisiana Unfair Trade Practices Act (UTPA), the language utilized in the statute “indicates that the policy is far from being limited to the claims based on the UTPA.” Thompson Tree & Spraying Service, Inc., 10-1187 at p. 18, 68 So.3d at 1154. The third circuit also noted that LSA-C.C.P. art. 44(A) does not allow venue to “be waived prior to the institution of the action.” The court further declared that its prior statement in Calaban v. Haspel, 99-44 (La.App. 3 Cir. 5/5/99), 732 *1221 So.2d 796, that “forum selection clauses are generally enforceable” was inaccurate. Thompson Tree & Spraying Serv., Inc., 10-1187 at p. 22, 68 So.3d at 1156.
In contrast, this court has previously recognized a more limited view, although recognizing that “the public policy of this state does militate against the use of forum-selection clauses in employment contracts, La. R.S. 23:921(A)(2), and in consumer transactions and cases of unfair trade practices, La. R.S. 51:1407.” Vallejo Enterprise, L.L.C., 05-2649 at p. 6, 950 So.2d at 837. However, this court did not expand LSA-R.S. 51:1407(A) beyond its context of the UTPA and noted that plaintiff “pointed to no authority supporting a proposition that commercially sophisticated parties may not limit their disputes to any forum of their choosing.” Id. This court, finding no contravention of public policy, affirmed the trial court’s grant of an exception of improper venue in a suit brought by a Louisiana distributor against an Arizona manufacturer wherein a choice of law provision required that any suits be instituted in the state of Arizona. See also Dillon v. Bankers Ins. Co., 09-1121, 2010 WL 502838 (La.App. 1 Cir. 2/12/10) (unpublished opinion).
| ^Although the third circuit has interpreted the public policy declared in LSA-R.S. 51:1407(A) to extend beyond the context of the UTPA to all civil proceedings, we decline to do so and follow our prior holding in Vallejo Enterprise, L.L.C. Accordingly, Rising Resources has failed to show that enforcing the terms of the parties’ forum-selection clause would contravene a strong public policy. Therefore, assignment of error number two is without merit.
In light of the foregoing, we conclude that the trial court did not err in enforcing the forum-selection clause and in granting KIE’s declinatory exception raising the objection of improper venue. Louisiana Code of Civil Procedure article 932 sets forth the effect of sustaining a declinatory exception:
A. When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court; if the court finds, on sustaining the objection that service of citation on the defendant was not requested timely, it may either dismiss the action as to that defendant without prejudice or, on the additional finding that service could not have been timely requested, order that service be effected within a specified time.
B. If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action, claim, demand, issue, or theory subject to the exception shall be dismissed; except that if an action has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice.
Because the declinatory exception raising the objection of improper venue was based on the forum-selection clause in the parties’ agreement, amending the petition cannot remove the grounds of objection. Accordingly, the trial court’s dismissal, without prejudice, was appropriate. See Vallejo Enterprise, LLC., 05-2649 at pp. 7-9, 950 So.2d at 838.
CONCLUSION
The judgment of the district court sustaining the declinatory exception raising the objection of improper venue is affirmed. All costs of this appeal are as *1222 signed to appellant, Rising Resources Control, Inc.
AFFIRMED.

. Dennis McLain, the alleged ''owner/employee of KIE,” was also named a defendant. For clarity, we will refer to the defendants solely as KIE.

. Rising Resources also obtained a Writ of Attachment, which was subsequently dissolved on October 1, 2010.