NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 0098
and 2019 CW 1400

CREEKSTONE JUBAN I, LLC

VERSUS

XL INSURANCE AMERICA, INC.

Judgment Rendered:    DEC 0 7 2020

Appealed from the
Twenty-First Judicial District Court
In and for the Parish of Livingston, Louisiana
Docket Number 154,463

Honorable Robert H. Morrison, III, Judge Presiding

\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Scott Crawford<br>Baton Rouge, LA | Counsel for Plaintiff/Appellee,<br>Creekstone Juban I, LLC |
| Charles L. Chassaignac, IV<br>Kellye R. Grinton<br>J. Murphy Delaune<br>Baton Rouge, LA | Counsel for Defendant/Appellant,<br>XL Insurance America, Inc. |

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

Welch, J. concurs without reasons

Chutz, J. concurs without reasons

**WHIPPLE, C.J.**

In this appeal, the defendant insurer challenges the trial court's judgment, granting the plaintiff's Motion to Transfer Suit to the Bronx County Superior Court in New York. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

This matter arises from an insurance claim filed by plaintiff, Creekstone/Juban I, LLC, ("Creekstone"), under a commercial property and casualty insurance policy ("Policy") issued by Defendant-Appellant XL Insurance America, Inc. ("XL Insurance"), for damage to its commercial property, Juban Crossing, in Livingston Parish, Louisiana, resulting from the August 2016 flood. When a dispute developed as to the amount of coverage and applicable deductible under the policy, Creekstone instituted this suit in the Twenty-First Judicial District Court, naming XL Insurance as defendant.

In response to the petition, XL Insurance filed, among other things, a declinatory exception raising the objection of improper venue. In support of its exception, XL Insurance relied upon the contract of insurance between the parties, which contained a forum-selection clause in the policy, providing that "any disagreement" related to the Policy "shall" be brought exclusively in the State of New York.[1] Creekstone opposed the exception, contending that the forum selection clause violated LSA-R.S. 22:868.

The trial court agreed with Creekstone and denied the exception, finding that

---

[1]The contractual clause states, in pertinent part:

> In the event that any disagreement arises between the "insured" and the "Company" requiring judicial resolution[,] the "insured" and the "Company" each agree that any suit shall be brought and heard in a court of competent jurisdiction within the State of New York. The "Insured" and the "Company" further agree to comply voluntarily with all the requirements necessary to give such court jurisdiction. ...

> The "Insured" and the Company" further agree that New York law shall control the interpretation, application and meaning of this contract, whether in suit or otherwise.

2

upholding the forum selection clause would violate public policy. XL Insurance then filed a writ application with this court. This court granted certiorari and ultimately denied the writ. Creekstone Juban I, LLC v. XL Insurance America, Inc., 2017-1223 (La. App. 1st Cir. 4/9/18), 2018 WL 1719185, writ granted, 2018-0748 (La. 9/28/18), and reversed, 2018-0748 (La. 5/8/19), 282 So. 3d 1042.

The Louisiana Supreme Court thereafter granted XL Insurance's application for supervisory writs and, finding that the forum selection clause was enforceable, reversed the portion of the trial court's judgment that denied the exception of improper venue. The Supreme Court further granted the exception of improper venue and remanded to the trial court "for further proceedings pursuant to [LSA-C.C.P.] art. 121." Creekstone Juban I, L.L.C., 282 So. 3d at 1049-1050.

On remand, Creekstone filed a motion to transfer the suit, asking that, in accordance with the contract, the litigation be transferred to the Bronx County Supreme Court, Twelfth Judicial District in New York, pursuant to LSA-C.C.P. art. 121. XL Insurance opposed the motion, contending that LSA-C.C.P. art. 121 does not permit a Louisiana court to transfer a suit to a New York court. Rather, it asserted that Creekstone's suit must be dismissed without prejudice and refiled in a New York court, at which time the New York court could determine if the suit had been filed in accordance with New York's Civil Practice and Law Rules.

By judgment dated October 16, 2019, the trial court granted Creekstone's motion to transfer, specifically ordering that the Clerk of Court of the Twenty-First Judicial District, Parish of Livingston, State of Louisiana prepare a certified copy of the entire suit record and thereafter transmit the certified copy of the suit record via certified mail or commercial carrier to the Chief Clerk of Court, Bronx County Supreme Court, Twelfth Judicial District.[2]

---

[2]The trial court designated the October 16, 2019 judgment as final for purposes of any appeal pursuant to LSA-C.C.P. art. 1915(B).

3

From this judgment, XL Insurance now appeals, contending that the trial court erred in granting a motion to transfer an action to a trial court of another state instead of dismissing the action without prejudice. Moreover, "[o]ut of an abundance of caution," XL Insurance also filed a writ application seeking review of the October 16, 2019 judgment, setting forth the same arguments as those on appeal. By order dated February 10, 2020, the writ application, docketed as 2019 CW 1400, was referred to the panel to which the instant appeal would be assigned. Creekstone Juban I, LLC v. XL Insurance America, Inc., 2019 CW 1400 (La. App. 1st Cir. 2/10/20).

## DISCUSSION

When an action is brought in a court of improper venue, the court may dismiss the action or, in the interest of justice, transfer it to a court of proper venue. LSA-C.C.P. arts. 121 & 932(B). Thus, where an exception of improper venue is sustained, dismissal of the action will not necessarily result if the interests of justice require its transfer to the proper court. When sustaining a declinatory exception of improper venue, "[i]t is contemplated that dismissal would result only in those cases where such a transfer would not be possible or would not be conducive to the administration of justice. Such a dismissal would not preclude the filing of an action in the proper court." LSA-C.C.P. art. 932, Official Revision Comments—1960, comment (b); Vallejo Enterprise, L.L.C. v. Boulder Image Inc., 2005-2649 (La. App. 1st Cir. 11/3/06), 950 So. 2d 832, 838.

On appeal, XL contends that despite the forum selection provision in the insurance contract designating New York as the agreed-upon forum, the trial court committed legal error in transferring this case to the New York court because "there is no mechanism recognized by Louisiana law or jurisprudence that allows a

4

Louisiana court to transfer a case to a court of another state."[3] XL Insurance further points out that in certain instances, this court has in the past affirmed the trial court's exercise of its discretion in choosing to dismiss a case pursuant to LSA-C.C.P. art. 121 where venue was proper in another state. See e.g. Siegen Lane Investments, L.L.C. v. Corp. Lodging Consultants, Inc., 2015-1426 (La. App. 1st Cir. 4/15/16), 2016 WL 1546104, *5 (unpublished) (wherein this court held that the trial court's dismissal without prejudice was appropriate in a case where the parties' forum-selection clause designated Kansas as the proper forum), and Rising Resources Control, Inc. v. KIE Commodities and Finance, L.L.C., 2011-1026 (La. App. 1st Cir. 12/21/11), 80 So. 3d 1217, 1221, writ denied, 2012-0658 (La. 4/27/12), 86 So. 3d 632 (wherein this court held that the trial court's dismissal without prejudice was appropriate in a case where the parties' forum-selection clause designated Michigan as the proper forum); see also Louisiana Pigment Company, L.P. v. Air Liquide America, L.P., 13-698 (La. App. 3rd Cir. 10/15/14), 149 So. 3d 997, 1004.

At the outset, however, we note that LSA-C.C.P. art. 121 affords the court a choice either to dismiss a case filed in an improper venue or to transfer it to another venue. This choice grants a court discretion in its decision-making,

---

[3]The procedure for effecting a transfer of an action is provided in LSA-R.S. 13:3271 through 13:3274. See LSA-C.C.P. art. 932, Official Revision Comments—1960, comment (c). Pursuant to LSA-R.S. 13:3271, when a court orders the transfer of an action to another court under LSA-C.C.P. arts. 121 or 932, the clerk of the transferring court, upon the payment of all fees, shall transmit by registered or certified mail to the clerk of the court to which the action is transferred "a certified copy of all of the pleadings, exhibits, and other documents filed, of the citation and return thereon, of all minute entries relating to the action, and of all orders and judgments rendered therein." The party requesting the transfer shall pay all fees due to the transferring court, LSA-R.S. 13:3272, and all fees to the court to which the action is transferred "to which this clerk would have been entitled had the action been instituted initially, and all of the proceedings had, in such court." LSA-R.S. 13:3273.

Louisiana Revised Statute 13:3275 further provides that if all fees as provided by LSA-R.S. 13:3272 and 3273 are timely paid, the clerk of the court to which the action is being transferred "shall enter the action on his docket, file the certified copies, and proceed as he would have done had the action been instituted in his court initially." Given that the provisions of LSA-R.S. 13:3275 impose a duty on the clerk of the court to which the action is transferred, that provision would clearly apply only to *intrastate* transfers.

specifically contemplating that any such decision will take into account the interests of justice. See Belser v. St. Paul Fire & Marine Insurance Company, 509 So. 2d 12, 20 (La. App. 1st Cir. 1987); see also Simien v. Fairfield Industries, Inc., 99-2897 (La. App. 4th Cir. 2/9/00), 753 So. 2d 918, 920 (where case is filed in wrong venue, trial court is not bound by defendant's prayer for dismissal, but rather, may transfer the matter in the interest of justice). Moreover, as noted by the trial court, the provisions of LSA-C.C.P. art. 121 actually contain no limitation or prohibition preventing a court from making an **interstate** transfer.[4]

Additionally, as noted by Creekstone, in its prior ruling in this matter finding the forum selection clause in the XL Insurance policy to be enforceable, the Louisiana Supreme Court chose not to dismiss this case under the provisions of LSA-C.C.P. art. 121, but instead remanded to the trial court "for further proceedings pursuant to [LSA-C.C.P.] art. 121." Creekstone Juban I, L.L.C., 282 So. 3d at 1049-1050. As such, Creekstone notes the provisions of LSA-C.C.P. art. 121 afford the court discretion to dismiss the action or, *if the interests of justice require*, transfer the matter to a court of proper venue, and "[no] limitations on Article 121 were dictated" in the Supreme Court's remand.

In this case, after the Supreme Court concluded that the forum selection clause was enforceable and remanded the case, the trial court specifically found that the interests of justice were served by ordering the clerk of the trial court below to transfer the matter to the New York court, finding in its oral reasons for judgment that dismissal would be "an unfair result." Indeed, until the ruling by the

---

[4]We recognize that in Vallejo and Dillon v. Bankers Ins. Co., 2009-1121 (La. App. 1st Cir. 2/12/10), 2010 WL 502838, *4 (unpublished), this court, in reviewing the trial court's choice to dismiss a case where venue was proper in another state and finding such a choice "appropriate," stated, without any analysis or citation to the source of such a prohibition, that transfer of a case to a court of another state was impossible. However, in light of the fact that this court was affirming the trial court's exercise of its discretion to dismiss in both Vallejo and Dillon, we conclude that those statements were not necessary to this court's rulings in those cases. As such, those statements must be considered as purely *obiter dicta* and, thus, not binding on this court. See Meaux v. Wendy's International, Inc., 2010-2613 (La. 5/13/11), 69 So. 3d 412, 413.

6

Supreme Court, Creekstone's reliance on LSA-R.S. 22:868 for its position that the forum selection clause in the XL Insurance policy was void and against public policy was a position accepted by the trial court and by this court. See Creekstone Juban I, LLC, 2018 WL 1719185. While the Supreme Court ultimately disagreed with that position, Creekstone Juban I, LLC, 282 So. 3d at 1049-1050, the mechanisms of the appellate process have resulted in the passage of a significant amount of time such that Creekstone's rights might be prejudicially affected if required to file anew in a court of another state.

Moreover, a review of the trial court's judgment of transfer reveals that the trial court only ordered the clerk of the trial court below to take action, i.e., preparation and transmittal of a certified copy of the entire suit record to the Chief Clerk of Court of the Bronx County Supreme Court, Twelfth Judicial District. The judgment further provided that a transmittal communication was to accompany the certified copy of the suit record "**asking** that the suit record be docketed and filed with that Court for future proceedings." (Emphasis added). Thus, any arguments to the contrary notwithstanding, the trial court in no way attempted to direct the clerk of the New York court to adhere to Louisiana's rules of procedure rather than New York's applicable rules of procedure in the handling and filing of this matter. Rather, upon receipt of the certified copy of the record herein, the clerk of court of the New York court is clearly free to apply New York's relevant procedural laws to govern the handling of this matter, and XL Insurance would be entitled to seek any appropriate relief therein. While we recognize that in most instances, the court exercising its sound discretion has dismissed the action, as the trial court concluded, there is no clear prohibition against such a transfer in the language of LSA-C.C.P. art. 121.

7

## CONCLUSION

For the above and foregoing reasons, the trial court's October 16, 2019 judgment, granting the motion to transfer filed by Creekstone/Juban I, LLC, is hereby affirmed. Considering our disposition of this appeal, we deny writ application number 2019 CW 1400 as moot.

Costs of this appeal are assessed against XL Insurance America, Inc.

**AFFIRMED; WRIT APPLICATION NUMBER 2019 CW 1400 DENIED AS MOOT.**